In the Matter of GERALD ROSENCRANTS, Petitioner, v BRIAN WING, as Commissioner of the New York State Office of Temporary and Disability Assistance, et al., Respondents. [702 NYS2d 472] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Broome County) to review a determination of respondents which terminated petitioner's public assistance, food stamp and medical assistance benefits.

As an employable recipient of public assistance, petitioner was required to participate in the State's Job Opportunities and Basic Skills Training Program. To satisfy this requirement, petitioner was assigned to work 102 hours per month at a Town of Binghamton workfare program in Broome County, beginning March 6, 1997. On May 21, 1997, the Broome County Department of Social Services (hereinafter Department) was advised that, beginning May 1, 1997, petitioner had failed to report to the workfare program. After providing petitioner with notice and an opportunity to explain his failure to report, the Department concluded that he willfully failed to report without good cause and terminated his public assistance, food stamp and medical assistance benefits. Following the fair hearing requested by petitioner, respondent Commissioner of the Office of Temporary and Disability Assistance (hereinafter respondent) sustained the Department's decision. Petitioner thereafter commenced this CPLR article 78 proceeding to review respondent's determination and Supreme Court transferred the proceeding to this Court (see, CPLR 7804 [g]).

Relying on the regulations in effect during the relevant time period which contained a provision enumerating the various circumstances under which a recipient would be deemed not to have willfully failed to comply with a requirement of the job training program, petitioner contends that he experienced a personal emergency of a substantial nature which prevented his compliance and which was a circumstance beyond his control (see, 18 NYCRR former 385.19 [d] [2] [xvii], [xviii]). According to petitioner, circumstances beyond his control rendered him too distraught to report to the workfare program. Based upon petitioner's failure to consult a doctor and lack of verification of his inability to work, respondent rejected petitioner's claim of good cause.

Petitioner points to his own testimony and a letter from a counselor concerning petitioner's state of mind. At best, however, the evidence demonstrates that petitioner was too distraught to work on May 1, 1997. Petitioner continued to fail to report to the workfare program thereafter, but there is no

evidence that petitioner remained too distraught to report for the three-week period at issue. To the contrary, petitioner concedes in his brief that his "good cause was of few days duration" and he testified at the fair hearing that he remained absent from the workfare program in anticipation of finding other work which would not involve physical labor. There is, therefore, substantial evidence to support respondent's determination that petitioner's failure to report was willful and not the result of the claimed trauma (*see, Matter of Poole v Wing*, 256 AD2d 1217). We have considered petitioner's remaining arguments and find them to be without merit.

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.